# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Eric Jon Phelps
**Petitioner**

v.

The United States and
Fulton Bank
**Respondent**

CA# 07-374

Complaint and Petition
Petition to Quash Summons

FILED
JAN 29 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

1. This is an action under the Special Procedures for Third Party Summons Act, 26 USC §7609, to halt the above-named third-party record keeper from revealing Petitioner's private records to the Internal Revenue Service, and to quash the summons.

2. This court has jurisdiction over this action pursuant to 26 USC 7609 (h), 28 USC §1331, §1340, §1346, and the First, Fourth, Fifth, Ninth and Tenth Amendments to the US Constitution.

3. Petitioner is a citizen of the United States or the state in which he resides and entitled to the protection of its laws. Respondent third-party record keeper is a resident of or is found in this district.

4. According to law, Petitioner, a person entitled to Notice of the Summons under IRC 7609(a), has the right to begin these proceedings to quash such summons not later than the 20th day after the day such notice is given, and should mail within 20 days from the date of Notice at the address shown on the summons by registered or certified mail a copy of this petition to (A) the third-party record keeper who received the summons, and (B) to the IRS Officer before whom the summoned person is to appear at the address shown on the summons.

> The records sought by the summons relate to the Petitioner and are his personal records.
>
> This Court should quash said summons, for the following reasons:
>
> A. The IRS has classified Petitioner as a "Tax Protester," has abandoned in an institutional sense the pursuit a civil tax determination or collections purpose and has made an institutional commitment to make a referral to the Department of Justice for prosecution as it would merely like to gather evidence to aid a prosecution. US v. LaSalle Nat. Bank, 437

US 46 248, 98 S Ct 2357 (1978).

B. The Service, having abandoned the pursuit of Petitioner's civil tax liability, is attempting to use the summons for the impermissible purpose of gathering evidence solely for a criminal investigation, and is attempting to circumnavigate the traditional role of the grand jury as the principal tool of criminal investigation in our society, US v. LaSalle, supra.

C. The IRS has made a formal recommendation to the Department of Justice for prosecution of Petitioner or has made an informal determination and withheld the formal recommendation in order to use this civil process to circumnavigate the decision of the Federal Courts.

The IRS has made a preliminary investigation into Petitioner's financial condition since it has access to a tremendous amount of financial data on taxpayer and has thusly abandoned any hope of making any civil collection in this case, but is delaying in submitting a formal recommendation to Justice in order to gather additional evidence, to expand its criminal discovery rights, and to serve as an information gathering agency for the prosecuting attorney.

D. The summons itself indicates that this is a criminal investigation as much of the information sought has no bearing on a civil investigation but is that generally exclusively used for criminal prosecution. The Court should examine each type of document requested for a civil purpose. The Court, in examining each and every summons and all parts thereof, will discover that not all of the information sought contributes in some way to a civil inquiry.

Even if the Court could discover a general civil purpose for the tax investigation, this would not terminate judicial inquiry into whether the summons (or parts thereof) issued during investigation exceeded the services' authority. The Court must focus on the purposes of each individual summons (or parts thereof) and not on the purpose of the investigation as a whole. If any one of many summons or parts thereof were issued solely for a criminal investigation, that particular summons should be suppressed, even in the face of an overwhelmingly civil purpose of the investigation as a whole. The IRS simply would lack statutory authority to issue that particular summons. US V. Genser>, 595 F 2d 146 (NJ 1979).

The Service only has the authority granted to it by congress. The Congress has given the IRS administrative summons powers in IRC §7603 and §7604 to be used only in civil cases and has not yet given this administrative agency mandatory criminal investigative powers. Therefore, the IRS simply does not have the authority to summons those particular third-party records that would be used only in criminal prosecutions.

E. The information in the possession of the Respondent third*party is of a private nature and was not intended to be given to parties not authorized by Petitioner. Furnishing such personal and private information about Petitioner to the IRS or any other governmental body without Petitioner's consent is a violation of his person, his privacy, his Constitutional rights, and his natural rights, which must be protected by the government.

F. TheIRS summons are not issued in good faith as the information sought by the individual summons is too broad, too sweeping in detail, to be used by the IRS only to prove the actual

existence of a valid civil tax determination or for a collection purpose. Actually, some of the items sought by the summons are only needed by the Justice Department to aid in a criminal prosecution.

G. The IRS has failed to meet the procedural requirement of the summons authority, including the required provisions of 26 USC §7602, §7603, §7609, etc. The summons is patently defective on its face, filled out incorrectly by an unauthorized person, served incorrectly for an improper purpose, and violated the notice and hearing requirements. The agents have failed to comply with the mandatory procedures in IRS 7605 (c), have not secured the proper authorization nor given proper notice.

H. The summons was not issued in good faith, not conducted pursuant to a legitimate purpose, not relevant to any lawful purpose. The information is already within the commissioner's possession; the required administrative steps have not been followed. The summons is an abuse of the administrative process and issued for the improper purpose of harassing and pressuring the Petitioner. US V. Powell, 379 US 78, 85 S Ct 248 (1964).

I. IRS Manual Supplement 9G-93, the procedural guideline for prosecuting those persons classified by said agency as "tax protesters," removes any room for discretion on the part of the individual agents assigned to the case. MS 9G-93, IRM 9383.6 and other IRS procedures on persons similarly labeled as Petitioner, set forth a policy whereby the cases are totally criminal *ab initio,* to the extent that individual agents and the Service itself have no discretion or authority to compromise whatsoever in these cases. This manual is, by itself, the institutional commitment to prosecute.

5. The government alleges that one refuting the summons bears the burden of disproving the actual existence of a valid civil tax determination or collections purpose.

To meet said burden, Petitioner needs adequate pre-hearing discovery. Petitioner, given sufficient discovery, can prove:

    A. No further existence of a continuing civil purpose;
    B. A pre-existing institutional commitment to prosecute;
    C. The failure of the summons to advance a civil purpose;
    D. Improper purpose, political harassment, etc.

6. In his affidavit and Summary of Authorities, to be filed henceforth, Petitioner will enumerate actions of the government which will indicate, assuming actions speak louder than words, the true nature of this investigation, and the attempt of the two agencies to circumnavigate the traditional role of the grand jury and the other Constitutional protections of the Petitioner as guaranteed in the Bill of Rights.

The Tax Equity and Fiscal Responsibility Act of 1982, which contains the provision under which this

Act was passed, provided taxpayers the right to petition to quash the summons. Obviously, the Congress meant for the suit to be meaningful, with adequate pre-hearing discovery, plus a real evidentiary hearing with government witnesses testifying under oath.

7. IRC §7603 provides that the summons be "attested," and this is mandatory. The IRS summons in this case is not attested or not attested properly, because, *inter alia*, it is not notarized nor worded properly.

8. The Court should quash the administrative summons issued with respect to the Petitioners on the alternate ground that the IRS failed to satisfy all statutory prerequisites thereto; namely, that in making its respective determinations regarding the Petitioner alleged tax liabilities for each of the years in question, inclusive, the IRS neglected to give reasonable advance notice to the Petitioner is that it intended to seek information from third-parties.

Before the IRS directed its administrative summons to the Respondent record keepers, it was required to give the Petitioner a "third-party contact notice" before it made contact with any party, other than the Petitioner to determine their liability for any tax. 26 U.S.C. §7602[c]; 26C.F.R.§ 301.7602.2[a] ("[subject to restriction not involved in this case], no officer or employee of the Internal Revenue Service (IRS) may contact any person other than the taxpayer with respect to the determination or collection of such taxpayer's tax liability without giving the taxpayer reasonable notice in advance that such contacts may be made.")

In this case, however, not only did the Petitioner not receive from the IRS the third-party contact notice mandated by 26 U.S.C. §7602[c], but the IRS's own records reveal a complete absence of any evidence that the IRS ever sent the Petitioner such a notice. Thus, the IRS did not send the Petitioner a third-party contact notice as require by 26 U.S.C. §7602[c] before it directed the administrative summons respecting them to Respondent's Record-Keeper. As such, the IRS has failed to satisfy the "all administrative steps required by the Internal Revenue Code for issuance of a summons" component of the test laid down for the IRS by the Supreme Court of the United States in United States v. Powell, 379 U.S. 48, 58 (1964).

Given that the IRS must satisfy every element of the Powell test before its summonses may be given legal force and effect, the IRS's failure to do so here requires the Court to quash the subject summons.

9. The IRS CID has placed in Petitioners' permanent files and records a 914 Control Form. This form is issued by CID to be placed in the file of one who is subject to an ongoing investigation. This notifies the revenue agents or civil investigators that an active criminal case is pending and that all civil liability cases or audits are to be suspended. Further, the civil revenue officers are not to have any contact with this taxpayer so as not to interfere with an active criminal case.

10. **Schultz II Case:** In so far as third-party record keepers who are not classified under §7609 as third-party financial record-keepers or any person, party, who is not covered by provisions of IRC §7609 and are defendants in this case, the due process clause of the 5th and 14th Amendments apply.

In the earthshaking **Schultz II case** [413 F.3d 297(2d NY), 95 A.F.T.R.2d 2005-3007, 2005 WL 152090] the Second Circuit Court of Appeals on June 29, 2005 ruled that the Due Process Clause of the Constitution was now applied to the IRS in the same manner as it has always applied to all government agencies and parties. Now all IRS actions against a citizen are subject to judicial scrutiny.

Under the modern Due Process Clause, the 2 nd Circuit reasoned, the government can have no adverse action against a citizen without being subject to judicial scrutiny. And, of course a judge is defined as a lifetime appointment without diminishment of salary, in other words, independent (in some cases very independent).

11. Therefore, if judicial scrutiny under IRC §7609 is disallowed for a 3 rd party record-keeper who is not under the purview of §7609, then judicial scrutiny comes from the 5 th and 14 th Amendments by way of the Schultz II case. Statute §7609 is clearly independent judicial intervention to satisfy the DPC for financial record-keepers. When it does not apply, then the due process clause applies under Constitutional Law.

12. In the Alternative, should this Court not quash the summons, Petitioner requests that the Court

provide in its order that the IRS/DOJ not be allowed to use information gathered by the summons in a criminal case. The Government would not object to this provision in the final order because they have stated all along that this civil summons will be used strictly for a civil tax liability case.

13. The IRS third-party summons are attached or will be provided to this court.

14. Petitioner incorporates herein by reference his affidavit, memorandum of law and supplemental motions to be hereafter filed.

15.

**Wherefore,** Petitioner requests that the court quash the IRS summons directed to third-party record keepers, and award to the Petitioner his costs, fees and other just relief.

*Eric Jon Phelps*
Eric Jon Phelps
Petitioner, Pro se

203 South Fort Zellers Rd
Suite D
Address
Newmanstown, PA
17073
610-589-9966

Jan. 29, 2007
Date



# Summons

In the matter of  Eric Jon Phelps, 203 South Fort Zellers Road, Apt. D, P.O. Box 306, Newmanstown, PA  17073
Internal Revenue Service (Division):  Small Business/Self Employed (Compliance)
Industry/Area (name or number):  Area 3
Periods:  Calendar Years Ending December 31, 2002; December 31, 2003; December 31, 2004; and December 31, 2005

## The Commissioner of Internal Revenue

To:  Dennis Markley, Regional Compliance Officer
At:  Fulton Bank, One Penn Square, P.O. Box 4887, Lancaster, PA  17604

You are hereby summoned and required to appear before  James Vrabel  ID# 23-02435
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1) See Attachments to Form 2039 Summons - 3 Pages

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
IRS, 1720 Hempstead Road, Mail to: P.O. Box 10128, Lancaster, PA  17605  717-291-1991 x4333

**Place and time for appearance at**  1720 Hempstead Road, Lancaster, PA

In lieu of appearing please mail certified to address above
on the ___9th___ day of ___February___, ___2007___ at ___9___ o'clock ___a.___ m.
                                              (year)
Issued under authority of the Internal Revenue Code this ___10___ day of ___January___, ___2007___
                                                                                  (year)

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

_James Vrabel_
Signature of issuing officer                    Internal Revenue Agent
                                                          Title

_Carl A. Butler_
Signature of approving officer (if applicable)   Group Manager
                                                          Title

**Part C — to be given to noticee**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eric Jon Phelps | ) | |
|     Plaintiff | ) | 07-374 |
| | ) | |
| V. | ) | |
| | ) | |
| The United States & | ) | **Summons in a Civil Action** |
| Fulton Bank | ) | |
|     Respondents | ) | |

**TO: Name and Address of Defendants:**

The United States, C/O Patrick Meehan, US Attorney
Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Alberto R. Gonzales, US Attorney General, 10th & Constitution Ave., NW, Washington, D.C., 20503
IRS Attn: Agent James Vrabel, P.O. Box 10128, Lancaster, PA 17605
Dennis Markley, Regional Compliance Officer; Fulton Bank One Penn Square, P.O. Box 4887, Lancaster, PA 17604

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon Plaintiff pro se:

Eric Jon Phelps, P.O. Box 306, Newmanstown, PA 17073

An answer to the complaint which is herewith served upon you, within ___20/60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____      _____
**Clerk**                                                             **Date**

_____
**By Deputy Clerk**