IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JON PHELPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 07-374 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## DECLARATION OF JAMES VRABEL

I, James Vrabel, being of legal age and pursuant to the provisions of 28 U.S.C. §1746(2), declare and state as follows:

1. I am a Revenue Agent employed in the Small Business/Self Employed Division, Compliance Area 3 of the Internal Revenue Service at 1720 Hempstead Road, Lancaster, PA 17605.

2. In my capacity as a Revenue Agent, I am conducting an investigation into the federal income tax liabilities of Eric Jon Phelps ("Phelps") for the years 2002, 2003, 2004, and 2005.

3. Despite conducting income-generating activity during the years 2002, 2003, 2004, and 2005, Phelps did not file federal individual income tax returns for these years.

4. Accordingly, the purpose of the Service's investigation is to determine Phelps's correct federal income tax liabilities for the years 2002, 2003, 2004, and 2005.

5. In furtherance of the above investigation, and in accordance with 26 U.S.C. § 7602, on January 10, 2007, I issued an administrative summons to Fulton Bank. The summons requested Fulton Bank to appear before me on February 9, 2007, to produce records, papers or other data concerning accounts and other records of Phelps as described in the summons. A true and correct copy of the summons is attached as Exhibit 1.

6. The summons was issued in accordance with applicable regulations, and was approved by my Group Manager, who had the authority to approve the summons pursuant to Delegation Order No. 4 (Rev. 22).

7. As evidenced by the certificate of service (Form 2039), on January 10, 2007, I served an attested copy of the Internal Revenue Service summonses on Fulton Bank by certified mail. A true and correct copy of the certificate of service is attached as Exhibit 2, and a true and correct copy of the certified mail receipt – confirming that Fulton Bank received the summons – is attached as Exhibit 3.

8. On January 10, 2007, the same day I issued the summons, I served the notice required by 26 U.S.C. § 7609 by certified mail to Phelps's last known address. A true and correct copy of the certified mail receipt – confirming that Phelps received notice of the summons on January 13, 2007 – is attached as Exhibit 3.

9. It is necessary to examine the books, records, papers or other data sought by the summons in order to determine Phelps's correct federal income tax liabilities for the years 2002, 2003, 2004, and 2005.

10. To my knowledge, the books, records, papers or other data sought by the summons, are not already in the possession of the Internal Revenue Service.

11. All administrative steps required by the Internal Revenue Code for issuance of the summons have been followed.

12. As of the date of this declaration, no "Justice Department referral," within the meaning of 26 U.S.C. § 7602(a), is in effect with respect to Phelps. More specifically, the Internal Revenue Service has not made a recommendation to the Department of Justice for a grand jury investigation or criminal prosecution of Phelps for the tax years under investigation. The Internal Revenue Service also is not delaying a recommendation to the Department of Justice in order to collect additional information. Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information (as those terms are defined in 26 U.S.C. § 6103(b)) relating to Phelps.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _19_ day of March, 2007.

*James Vrabel*
JAMES VRABEL
Internal Revenue Service
1720 Hempstead Road
Lancaster, PA 17605



# Summons

In the matter of   Eric Jon Phelps, 203 South Fort Zellers Road, Apt. D, P.O. Box 306, Newmanstown, PA  17073

Internal Revenue Service (Division): Small Business/Self Employed (Compliance)
Industry/Area (name or number): Area 3

Periods: Calendar Years Ending December 31, 2002; December 31, 2003; December 31, 2004; and December 31, 2005

## The Commissioner of Internal Revenue

To: Dennis Markley, Regional Compliance Officer

At: Fulton Bank, One Penn Square, P.O. Box 4887, Lancaster, PA  17604

You are hereby summoned and required to appear before   James Vrabel  ID# 23-02435
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1) See Attachments to Form 2039 Summons - 3 Pages

**Do not write in this space**

EXHIBIT 1

**Business address and telephone number of IRS officer before whom you are to appear:**

IRS, 1720 Hempstead Road, Mail to: P.O. Box 10128, Lancaster, PA  17605  717-291-1991 x4333

Place and time for appearance at   1720 Hempstead Road, Lancaster, PA

In lieu of appearing please mail certified to address above

**IRS**   on the ___9th___ day of ___February___, ___2007___ at ___9___ o'clock __a.__ m.

Issued under authority of the Internal Revenue Code this __10__ day of ___January___, __2007__

Department of the Treasury
Internal Revenue Service       _James Vrabel_                           Internal Revenue Agent
                                Signature of issuing officer                  Title
www.irs.gov                    _Carl A. Butler_                          Group Manager
Form 2039 (Rev. 12-2001)       Signature of approving officer (if applicable)   Title
Catalog Number 21405J
                                                                    Original — to be kept by IRS

Attachment To Form 2039
SUMMONS

In the matter of Eric Jon Phelps:

1. For each bank or other financial account, in any name, whether foreign or domestic, over which Phelps had signature or other authority or which Phelps controlled, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, during the year(s) 2002, 2003, 2004, and 2005, produce all records in your possession, custody or control or to which Phelps has any right of access, including but not limited to:

   a. Account applications
   b. Account holder agreements
   c. Loan applications
   d. Promissory notes
   e. Monthly or periodic bank statements
   f. Passbooks
   g. Certificates of deposit
   h. Cancelled checks
   i. Check registers
   j. Credit and debit memos and advices
   k. Wire transfer authorizations
   l. Letters of credit
   m. Duplicate deposit slips and deposited items including cashed out foreign items
   n. Cashiers checks
   o. Money orders
   p. Safe deposit box rental agreements
   q. Safe deposit box visitation ledgers
   r. All correspondence, including but not limited to, letters, memoranda, telegrams, telexes, e-mail, and letters of instruction
   s. Memorandum files maintained by the bank or other financial institution or any of their officers or employees, reflecting communications between the bank and you or others acting on your behalf, and documenting actions taken pursuant to directions received from you or on your behalf; and reflecting any thoughts or decisions of any person regarding the account
   t. Know-your-customer (KYC) files or other similar records maintained for anti-money laundering purposes, including identification documents such as passports and drivers licenses, certificates of beneficial ownership, letters of reference, and certificates of clean funds or other source of funds documentation.

1

Attachment To Form 2039
SUMMONS

In the matter of Eric Jon Phelps:

2. Produce copies of all financial statements prepared by or for Phelps or by or for any non-publicly traded entity, foreign or domestic, in which Phelps held a direct or indirect ownership or beneficial interest or over which Phelps exercised control, either directly or through a nominee, agent, power of attorney, letter of direction, or any device whatsoever, for any purpose during or for the year(s) 2002, 2003, 2004, and 2005.

3. For each Certificate of Deposit, Time Deposit, or equivalent account at domestic or foreign financial institutions over which Phelps had signature authority or other authority, or over which he exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time during the year(s) 2002, 2003, 2004, and 2005, produce copies of all statements of certificate of deposit or other records reflecting the purchase or redemption of the certificate, earnings of interest, or other disposition of the certificate. In addition, provide documents verifying the origin of all funds used to open these accounts or deposited to these accounts at any time.

4. For each loan made or obtained by Phelps or on his behalf during the year(s) 2002, 2003, 2004, and 2005 or which was in existence during the year(s) 2002, 2003, 2004, and 2005, all documents evidencing the terms and performance of the transaction, including, but not limited to:

    a. Loan applications
    b. Loan agreements and contracts
    c. Loan amortization schedules
    d. Promissory notes
    e. Grant deeds, deeds of trust, mortgages, or other security
    f. Records of receipt or payment of principal and interest

5. All records for the year(s) 2002, 2003, 2004, and 2005 relating to credit, debit or charge cards of which Phelps had the use, issued either in his name or the name of any entity, foreign or domestic, in which he held an ownership or beneficial interest, directly or through any nominee, agent, power of attorney, letter of direction, or any device whatsoever. These records should include, but are not limited to:

    a. Card application
    b. Cardholder agreement
    c. All credit, debit, or charge card issued on the account
    d. Customer relationship records or other similar records identifying persons with signature or other authority over the account
    e. Monthly or periodic charge statements
    f. Charge receipts

Attachment To Form 2039
SUMMONS

In the matter of Eric Jon Phelps:

    g. Cash advance confirmations
    h. Records of payments or funds transferred to account to pay balances due

The accounts referred to in this paragraph include but are not limited to the following accounts:

6. For each brokerage account, in any name, whether foreign or domestic, over which you had signature, dealer or other authority or which you controlled, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, during the year(s) 2002, 2003, 2004, and 2005, produce all records in your possession, custody or control or to which you have any right of access, including but not limited to:

    a. Account applications
    b. Monthly or periodic account statements
    c. Annual account summaries
    d. All correspondence, including but not limited to, letters, memoranda, telegrams, telexes, e-mail, and letters of instruction
    e. Memorandum files maintained by the brokerage firm or any of their officers or employees, reflecting communications between the firm, their officers, or employees and you or others acting on your behalf; documenting actions taken pursuant to directions received from you or on your behalf; and reflecting any thoughts or decisions of any person regarding the account.
    f. Know-your-customer (KYC) files or other similar records maintained for anti-money laundering purposes, including identification documents such as passports and drivers licenses, certificates of beneficial ownership, letters of reference, and certificates of clean funds or other source of funds documentation.



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 10th day of January, 2007 | 4:00 p.m. |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☒ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: Fulton Bank, One Penn Square, P.O. Box 4887, Lancaster, PA 17604

| Signature | Title |
|---|---|
| James Vrabel | Internal Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: January 10, 2007          Time: 4:00 p.m.

Name of Noticee: Eric Jon Phelps

Address of Noticee (if mailed): 203 South Fort Zellers Road, Apt. D, P.O. Box 306, Newmanstown, PA 17073

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

**EXHIBIT 2**

| Signature | Title |
|---|---|
| James Vrabel | Internal Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
|  | Internal Revenue Agent |

Form **2039** (Rev. 12-2001)

Fulton Bank Summons

**Certified Mail Return Receipt #1:**

1. Article Addressed to:
   Fulton Bank
   Dennis Markley
   One Penn Square
   P.O. Box 4887
   Lancaster, PA
   17604

2. Article Number: 7006 2150 0003 7183 1341

Signature: Mitchell L. Young
Received by: MITCHELL L. YOUNG
Date of Delivery: 1/12/07
Service Type: Certified Mail
Stamped: Received Internal Revenue Service JAN 16 2007, Examination, Pittsburgh Territory, SB/SE Compliance

PS Form 3811, February 2004  Domestic Return Receipt

**Certified Mail Return Receipt #2:**

1. Article Addressed to:
   Eric Jon Phelps
   203 South Fort Zellers Road
   Apt. D, P.O. Box 306
   Newmanstown, PA
   17073

2. Article Number: 7006 2150 0003 7183 1334

Date of Delivery: 1/3/07
Service Type: Certified Mail
Stamped: Received Internal Revenue Service, Examination, Pittsburgh Territory (Central), SB/SE Compliance JAN 2007

PS Form 3811, February 2004  Domestic Return Receipt

EXHIBIT 3